UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAY FREES, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>UA LOCAL 32 PLUMBERS AND<br>STEAMFITTERS, a labor union, and<br>SEATTLE AREA PLUMBING &<br>PIPEFITTING INDUSTRY JOURNEYMAN<br>& APPRENTICE TRAINING COMMITTEE,<br><br>                              Defendants. | C07-1469Z<br><br>ORDER |

This matter comes before the Court on a Motion for Summary Judgment, docket no. 15.  The Court has reviewed all of the briefing, the records and files herein, and now enters the following Order.

## I.   BACKGROUND

On January 30, 2008, Plaintiff Frees filed an amended complaint.  The amended complaint includes claims for a violation of the Federal Medical Leave Act ("FMLA"), violation of the Washington Family Leave Act ("WFLA"), and for wrongful termination in violation of public policy.  Amend. Compl., docket no. 13.  Frees has claimed against the Seattle Area Plumbing & Pipefitting Industry Journeyman & Apprentice Training Committee ("Apprenticeship Committee" or "JATC") and against the UA Local 32 Plumbers and

ORDER   1–

1  Steamfitters ("Union" or "UA Local 32").  On February 14, 2008, Defendant Union filed the

2  motion presently before the Court, a Motion for Summary Judgment ("Motion"), docket no.

3  15.  The Motion seeks dismissal of the claims against the Union.  Motion at 1:18-19.

4  ## II.  LEGAL STANDARD FOR SUMMARY JUDGMENT

5         The Court must grant summary judgment if no genuine issue of material fact exists

6  and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The

7  moving party bears the initial burden of demonstrating the absence of a genuine issue of

8  material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A fact is material if it

9  might affect the outcome of the suit under the governing law.  Anderson v. Liberty Lobby,

10 Inc., 477 U.S. 242, 248 (1986).  In support of its motion for summary judgment, the moving

11 party need not negate the opponent's claim, Celotex, 477 U.S. at 323; rather, the moving

12 party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict

13 in favor of the opponent.  Anderson, 477 U.S. at 249.

14 ## III.  DISCUSSION

15        Defendant UA Local 32 is not Plaintiff's "employer" within the meaning of the

16 FMLA or WFLA.  See 29 U.S.C. § 2611(4); RCW 49.78.020(5); Scamihorn v. General

17 Truck Drivers, 282 F.3d 1078, 1081 n.2 (9th Cir. 2002) (noting district court's dismissal of

18 FMLA claim against union on ground that union was not an "employer" under the Act); see

19 also Eckert v. United Auto. Workers Local Union 897, No. 04-CV-538-S, 2005 WL

20 2126295, *8-10, (W.D.N.Y. 2005) (a union does not act in the interest of the employer).

21        Even if UA Local 32 was deemed to be an employer, it would not be liable under the

22 FMLA or WFLA because it has fewer than fifty employees.  See 29 U.S.C. § 2611(4)(A)(i);

23 RCW 49.78.020(5); Fritts Decl., docket no. 16, at ¶ 3.  Neither the FMLA or WFLA provide

24 for recovery from an employer with less than fifty employees.  To subject any employer with

25 less than fifty employees to liability would be inconsistent with legislative intent to limit the

26 recovery of damages against smaller respondents.

ORDER   2–

1    Plaintiff Frees also cites <u>Adams</u> and <u>Rosenstrom</u> for the proposition that "joint

2  venture" members are vicariously liable for each other's acts with such liability being

3  founded on a voluntary relationship that has arisen between the parties.  <u>Adams v. Johnston</u>,

4  71 Wn. App. 599, 610-611 (1993); <u>Rosenstrom v. North Bend Stage Line</u>, 154 Wn. 57, 60-

5  61 (1929).  Plaintiff Frees' assertion of vicarious liability does not circumvent the

6  requirement, under the FLMA or WFLA, that the Union be an "employer" as defined by the

7  statutes.

8    Finally, Plaintiff Frees brings a claim for wrongful termination in violation of public

9  policy against the Union.  Amend. Compl., at 4.  The Union was not the employer of Frees

10 and so the Plaintiff cannot bring a claim for wrongful termination against the Union.  <u>See</u> <u>e.g.</u>

11 <u>Thompson v. St. Regis Paper Co.</u>, 102 Wn.2d 219, 232 (1984) ("[i]n determining whether a

12 clear mandate of public policy is violated, courts should inquire whether the ***employer's***

13 ***conduct*** contravenes the letter or purpose of a constitutional, statutory, or regulatory

14 provision or scheme") (emphasis added).  The claim against UA Local 32 regarding a

15 wrongful termination in violation of public policy is dismissed.

16 **IV.   CONCLUSION**

17   Accordingly, the Court GRANTS the Defendant Union's Motion for Summary

18 Judgment, docket no. 15.  The Clerk is directed to enter judgment in favor of Defendant UA

19 Local 32 Plumbers and Steamfitters.

20   IT IS SO ORDERED.

21   DATED this 2nd day of April , 2008.

22

23                                   *Thomas S Zilly*
24                                   Thomas S. Zilly
                                     United States District Judge
25

26

ORDER   3–